Judge Hise
delivered the opinion of the Court.
Harvey and Robert Dowrey, negroes, bring each separate suits in chancery in the Fayette Circuit Court, against Robert Logan, claiming that they had been entitled to their freedom since they had severally arrived at the ago of thirty years, and alleging in support of their claim, that they are the children of Sukey Dow-rey, who was the slave of one Wm. Frazeur, deceased. That Frazeur, in the year 1795 or 6, executed and acknowledged in the Scott County Court a deed of emancipation, by which it was provided that their mother Sukey Dowrey, should be free at the age of thirty years, and that the children to which she might thereafter give birth (she being then childless,) should each have their freedom as they severally arrived at the age of thirty years. That at the same time or on the same . day, when the deed of emancipation was acknowledged, Wni. Frazeur sold and delivered their mother to Lucas, and that shortly thereafter, Lucas sold her to Moore, and that in the bills of sale from Frazeur to Lucas, and from Lucas to Moore, it was expressly stipulated and provided that Sukey Dowrey and the children born of her, should, as they respectively arrived at the age of thirty years, be free; that the deed of emancipation had been deposited and recorded in the Scott County Court Clerk’s office, but that the deed and book in which it was recorded, was, with many of its other records, destroyed when that office was burnt down in the year 1837. That Moore conveyed Sukey *237 to Wm. Logan, the grand-father of the defendant, and whilst in his possession, she gave birth to the complainants and some other children, that some time before the institution of these suit's the complainants had each arrived to the age of thirty years.
The allesalions of defendant
The snbslance of the proof.
The facts charged that complainants are the children of Sukey Dowrev, and that they were over 30 years of age before their bills were filed, are not controverted in the answers, and are fully established by the proof The complainants claim compensation for labor and service done and performed by them for defendant, after they were, as they allege, entitled to their freedom. The defendant resists this claim on the ground that even if the complainants are entitled to their freedom, as claimed by them, that their right was unknown to him, and that he held them in good fath believing them to be slaves for life, and that he was lawfully entitled to them as such.
The fact of the execution and acknowledgment of the deed of emancipation by Frazeur in 1795 or 6, is proved by one eye-witness, Wm. Moore, who was present at the time it was acknowledged, and who stated that it provided for the freedom of Sukey and her children as they should respectively arrive at the age of 2S or 30 years. Mrs. Frazeur also proves that by a deed of emancipation made by Wm. Frazeur, that Sukey and her children were to be free either at thirty years of age, or sooner. She states with much confidence, that she is certain of the fact that Sukey and her children were to be free at or before the age of 30 years, by virtue of a deed of emancipation made by Wm. Frazeur, and that it was so provided in the bill of sale of Sukey from Frazeur to Lucas.
John Lucas states that he frequently saw the bill of sale from Frazeur to his father, and that it provided for the emancipation of Sukey and her children as they should respectively arrive at the age of 28 or 30 years. He also states that both whilst Sukey belonged to his father and to Moore, he has heard Frazeur, Lucas, and *238 Moore, all say that the deed or bill of sale, providing-for the emancipation of Sukey and her child'ren, was-recorded in the Scott County Court. The burning of the Clerk’s office of the Scott County Court in 1837, is-proven, and that the record books of said office containing the deeds of older date than 1806,. were probably destroyed by fire, as the oldest deeds found on the books preserved, are- dated in 1806.
Proof of the coni enls o f a deed of emancipation recorded and burned at the .burning of ihe Scott County Court Clerks office held to be competent and sufficient to au-thorise a decree in favor of the negroes provided ipr by it.
The evidence of these witnesses, to-wit: Lucas,. Moore, and Mrs. Frazeur, vyho have no sort of interest in the matter in controversy, are of good credit and character, and whose statements concur in substance— has satisfied this Court that the complainants were each entitled to their freedom when they became 30 years-of age, which- was the case before these suits were commenced.
It is conceded that where it is attempted to disturb-the possession of estates, and unsettle, or divest existing titles to property by parol proof of the- contents of writings, deeds, or of records destroyed or lost for fifty or sixty years- — that such proof should be very clear and satisfactory in its purport, and should proceed from intelligent and creditable witnesses; otherwise an open door and wide field would be presented for the commission of pea-juries and the perpetration of frauds.,
In the cases under consideration, however, the witnesses are reputable, seem to be intelligent,and concur in substance with each other, as to the contents of the deed of emancipation, and of the bills of sale above referred' to. The important provision contained in the-lost record and the bills of sale attempted now-to be-supplied by parol proof, was short, not complicated, but simple — and would be without difficulty correctly remembered, especially by the witnesses in this case, one of whom was the daughter-in-law of Frazeur, who executed the-deed of emancipation; another is the son of Lucas, to whom Sukey was conveyed by- Frazeur ; and 1he other is the son of Moore,.who purchased the woman from Lucas. They, no doubt, were familiar with *239 tbe facts all the time, and had heard Frazeur* Lucas, ■and Moore, often acknowledge the existence'and contents of the deed of emancipation; and of the bills of sale, as stated by them.
Hie chancellor refused to giv e aire to slaves e* maneipated beyond the period of bringing suit. Th'e defendant not appearing to have had notice before that period of complainant"! right to free dom. ■ i : ! .
Harlan and McKee for plaintiffs; Kinkead and Breck-inridge for defendant.
These cases were properly consolidated and tried to■gether. The Court below dismissed the bills erroneously. The complainants have not made out a state of case which entitles-them to any compensation for-labor and service performed by them for defendant, previous to the institution of these suits. It is not proven that the defendant had any notice or information whatever, until the commencement of these suits, that complainants were free at 30 years of age, or that they in bad faith held the complainants in bondage as slaves, knowing or believing that they were justly entitled to their freedom.
Wherefore it is the opinion of this Court, that the decrees of the Circuit Court be reversed, and the causes remanded with directions that decrees be rendered in favor of the complainants, by which .their freedom shall •be declared and established.